**Oscar RODRIGUEZ, Plaintiff,**

v.

**The PIE OF PORT JEFFERSON CORP. d/b/a The Pie, and Kristen Pace, Defendants.**

**No. CV 14–0519.**

United States District Court, E.D. New York.

Signed Feb. 4, 2015.

Frank & Associates, P.C. by Peter A. Romero, Esq. Farmingdale, NY, for Plaintiff.

Zabell & Associates, P.C. by Saul D. Zabell, Esq. Bohemia, NY, for Defendants.

### *MEMORANDUM AND ORDER*

WEXLER, District Judge:

Plaintiffs, Oscar Rodriguez and Alexis Torres,[1] bring this action to recover from Defendants, The Pie of Port Jefferson Corporation and Kristen Pace, unpaid overtime wages for hours worked in excess of forty hours per week, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law. Presently before the Court is Plaintiffs' appeal of the Order of Magistrate Judge Gary Brown of January 12, 2015, granting Defendants'

motion for attorney's fees and costs in connection with a settlement conference held on August 14, 2014. For the following reasons, Plaintiffs' objections are overruled and the Order of Magistrate Judge Brown is affirmed.

## DISCUSSION

### I. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to a magistrate judge's order concerning any nondispositive pretrial matter. *See* Fed.R.Civ.P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "Under this highly deferential standard of review, a district court may reverse the order only if 'on the entire evidence,' the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Gray v. City of New York,* No. 10–CV–3039, 2013 WL 3093345, at *2, 2013 U.S. Dist. LEXIS 85351, at *7 (E.D.N.Y. June 17, 2013) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001)). "[A] party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.,* No. 08–CV–1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar. 14, 2011).

### II. Magistrate Judge Brown's Order

By Order dated January 12, 2015, Magistrate Judge Brown granted Defendants' motion for attorney's fees and costs based on Plaintiffs' counsels' failure to comply with the Magistrate's individual rules by refusing to produce their clients at the settlement conference held on August 14, 2014. According to Magistrate Judge Brown's Order, "[s]uch failure rendered the conference a nullity because, among other things, questions arose about the identity of one of clients, which questions would have been resolved by the client's presence." (Order of Brown, M.J. dated Jan. 12, 2015.) Magistrate Judge Brown did, however, reduce the amount of attorney's fees and costs sought and ultimately sanctioned Plaintiffs in the amount of $1,560, rather than the $2,935 that Defendants requested.

Plaintiffs object to the sanctions imposed on the grounds that they provided Magistrate Judge Brown with a valid reason why Plaintiffs did not personally attend the settlement conference. According to Plaintiffs, Defendants had failed to provide any of the requested discovery with respect to Plaintiff Rodriguez and had made clear prior to the conference that they did not intend to settle either Plaintiff's claim. Plaintiffs further argue that their counsel had full authority to settle and that Plaintiffs were available by telephone if necessary.

### III. Magistrate Judge Brown's Order is Neither Clearly Erroneous Nor Contrary to Law

"Monetary sanctions ... for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990). Magistrate judges are thus provided "broad discretion" in determining whether discovery sanctions are appropriate. *See Conway v. Icahn,* 16 F.3d 504, 510 (2d Cir.1994).

Here, the parties were provided with a copy of Magistrate Judge Brown's Individual Rules at the time an initial conference was scheduled, shortly after the case was commenced. Rule II(B)(3) of those rules, which pertains to settlement conferences,

clearly and explicitly states, in bold type, that "[p]arties with full and complete settlement authority are required to personally attend the [settlement] conference." Magistrate Judge Brown's rules go on to state that "[h]aving a client with authority availably by telephone is *not* an acceptable alternative, except under the most extenuating circumstances, which does not include ordinary travel expenses and inconvenience." Finally, Magistrate Judge Brown's Individual Rules warn parties, and their counsel, that "the failure of an authorized representative to appear may result in sanctions."

Despite these clear requirements, Plaintiffs chose not to attend the settlement conference held on August 14, 2014, instead offering to be available via telephone. Such actions clearly violated the direct order issued by the Magistrate Judge. Accordingly, the sanctions imposed by Magistrate Judge Brown were neither clearly erroneous nor contrary to law.

### CONCLUSION

For the foregoing reasons, Plaintiffs' objections to the January 12, 2015 Order of Magistrate Judge Brown are overruled and the Order imposing discovery sanctions on Plaintiffs in the amount of $1,560 is affirmed.

**SO ORDERED.**